```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
TONI EDMONDS,                             :
                                          :
                      Petitioner,         :      08 Civ. 8808 (DLC)
                                          :
           -v-                            :      OPINION & ORDER
                                          :
J. PURDY, Acting Superintendent,          :
Taconic Correctional Facility,            :
                                          :
                      Respondent.         :
                                          :
-----------------------------------------X
```

Appearances:

Pro se Petitioner:
Toni Edmonds
05-G-1132
Bedford Hills CF
P.O. Box 1000
Bedford Hills, NY 10509

For Respondent:
Priscilla Steward
Assistant Attorney General
120 Broadway
New York, NY 10271

DENISE COTE, District Judge:

    Toni Edmonds ("Edmonds") brings this timely pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her conviction following trial of second degree burglary.  This case was referred to the Honorable Andrew Peck for a report and recommendation ("Report").  The Report was filed on February 26, 2009, and recommends that the writ be

denied.  Edmonds has objected to the Report.  For the following reasons, the Report is adopted, and the petition is denied.

BACKGROUND

The facts relevant to Edmonds's petition are set out in the Report and are summarized here.  On February 12, 2005, as Amrei Schmitt-Fumian ("Schmitt-Fumian") returned to her apartment at 179 Grand Street in Manhattan and stood outside her door, Edmonds emerged from Schmitt-Fumian's door holding one of Schmitt-Fumian's bags and rushed past Schmitt-Fumian and her neighbor Chiumo Ferrarini ("Ferrarini").  Schmitt-Fumian chased Edmonds, caught her, and recovered her bag.  In the recovered bag, Schmitt-Fumian found a purse containing Edmonds's photo identification card.  Ferrarini saw these events transpire.

When Detective Sean McCarthy investigated the scene of the crime he took custody of a surveillance video of the building's lobby, as well as Edmonds's purse and its contents.  After watching the video and determining that it was of too poor quality to help his investigation, he misplaced it.  McCarthy arrested Edmonds on February 16, 2005, and took custody of Edmonds's house keys.  He later put those keys with property taken from the crime scene four days earlier.

Edmonds's jury trial began in New York Supreme Court on October 26, 2005, with Justice Roger Hayes presiding.  At trial,

2

Schmitt-Fumian and Ferrarini identified Edmonds as the woman who left Schmitt-Fumian's apartment holding Schmitt-Fumian's bag; and they both testified that the identification card belonging to Edmonds depicted the woman who emerged from Schmitt-Fumian's apartment.  The jury also heard testimony from Detective McCarthy, who admitted that he had lost the videotape and that he had commingled Edmonds's keys with property taken from the crime scene.  Upon defense counsel's request, Justice Hayes delivered an adverse inference charge on the missing videotape.  On November 2, 2005, the jury convicted Edmonds of second degree burglary.  On November 21, Justice Hayes sentenced Edmonds as a second felony offender to ten years' imprisonment.

Edmonds appealed to the Appellate Division, First Department.  She argued that: (1) the conviction was against the weight of the evidence; (2) the sentence was excessive; and (3) she was denied her due process rights to a fair trial when the People failed to preserve potentially exculpatory evidence.

The Appellate Division unanimously affirmed Edmonds's conviction and sentence.  People v. Anonymous, 38 A.D.3d 438 (1st Dep't 2007).  It held that the "verdict is not against the weight of the evidence" and that there was "no basis for reducing the sentence."  Id. at 438-39.  The Appellate Division declined to review Edmonds's final claim because she had "failed to preserve her argument that the court's adverse inference

3

charge was an insufficient sanction for the negligent loss of evidence by the police." Id.  The New York Court of Appeals denied leave to appeal on May 15, 2007.  People v Anonymous, 8 N.Y.3d 981 (2007).

On July 16, 2007, Edmonds filed a N.Y. Crim. Proc. L. § 440.10 motion to vacate the judgment.  She reiterated her argument about the failure to preserve exculpatory evidence; in addition, she argued that the prosecutor introduced evidence that he knew was false, and she claimed defense counsel provided ineffective assistance by failing to object to the prosecutor's allegedly false evidence.  On January 4, 2008, Justice Hayes denied this motion.  Pursuant to C.P.L. § 440.10(2)(a),[1] he rejected Edmonds's argument about the failure to preserve exculpatory evidence because the Appellate Division had previously rejected that argument in Edmonds's direct appeal. Justice Hayes denied Edmonds's false evidence claim pursuant to C.P.L. §440.10(2)(c), because Edmonds could have raised that claim on direct appeal but failed to do so.[2]  Justice Hayes

---

[1] C.P.L. § 440.10(2)(a) provides:
> [T]he court must deny a motion to vacate a judgment when . . . [t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue.

[2] C.P.L. § 440.10(2)(c) provides:
> [T]he court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon

4

rejected Edmonds's ineffective assistance claim on the merits. He found that Edmonds had failed to satisfy the test established in Strickland v. Washington, 466 U.S. 668 (1984), because she showed neither that her attorney's performance was deficient nor that she was prejudiced by her attorney's performance.  The Appellate Division denied leave to appeal on August 4, 2008.

Edmonds filed the instant habeas petition on October 15, 2008.  She makes three arguments: (1) the People failed to preserve potentially exculpatory evidence; (2) Edmonds was denied due process when the prosecutor knowingly introduced false evidence; and (3) trial counsel's failure to prevent the introduction of this false evidence constituted ineffective assistance of counsel.

DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The court must make a de novo determination of the portions of the report to which petitioner objects.  28 U.S.C. § 636(b)(1); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  To

---

appeal from such judgment, adequate review of the ground or
issue raised upon the motion, no such appellate review or
determination occurred owing to the defendant's unjustifiable
failure to take or perfect an appeal during the prescribed
period or to his unjustifiable failure to raise such ground or
issue upon an appeal actually perfected by him.

accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Figueroa v. Riverbay Corp., No. 06 Civ. 5364(PAC), 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006) (citation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, modified the standard under which federal courts review Section 2254 petitions where the state court has reached the merits of the federal claim. Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2). State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. at 2254(e)(1).

I. Exhausted Claim

Edmonds argues that her trial counsel's failure to prevent the People from introducing false evidence and false testimony constituted ineffective assistance of counsel. Edmonds bases

6

this claim on the commingling of Edmonds's house keys with property taken from the scene of the crime. Edmonds also argues her counsel was ineffective for failing to pursue testimony from Detective Oliver, Detective McCarthy's partner, on Detective McCarthy's commingling of the property. The Report correctly concludes that petitioner's claims fail to satisfy the ineffective-assistance-of-counsel test established in Strickland. 466 U.S. at 687-88. Petitioner's objection to this portion of the Report merely restates her concerns about the commingled property, and asserts that "it is at least plausible" that the People's evidence should have been objected to. Trial counsel addressed the commingled property in the cross-examination of Detective McCarthy, the officer responsible for the commingling, and revisited it in the summation. Counsel's decision not to call Oliver as a witness was a tactical one that did not fall outside the wide boundaries of Strickland. Edmonds's ineffective assistance argument therefore fails and her petition is denied on this claim.

II. Unexhausted Claims

A. Failure to Preserve Potentially Exculpatory Evidence

Edmonds argues that the People's failure to preserve the videotape and the police's alleged bad faith in handling this evidence denied her a fair trial. The Report correctly

7

concludes that this claim is procedurally barred because the Appellate Division explicitly invoked a state procedural bar rule as a separate basis for its decision when it held that Edmonds had failed to preserve her argument that the adverse inference charge was an insufficient sanction for this loss of evidence.  Harris v. Reed, 489 U.S. 255, 262 & 264 n.10 (1989).  Edmonds's objection to this portion of the Report merely restates her original argument.  Edmonds fails to show either cause for the default and prejudice, or that failure to consider her claims will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Habeas review thus may not occur, and her petition is denied on this claim.

B. Introduction of False Evidence

Edmonds claims that she was denied a fair trial when the prosecutor allegedly falsely represented the commingled property to the jury as property found at the crime scene.  Noting that the Appellate Division's denial of Edmonds's claim pursuant to C.P.L. § 440.10(2)(c) invoked an adequate and independent state procedural ground barring federal habeas review, Sweet v. Bennett, 353 F.3d 135, 139-41 (2d Cir. 2003), the Report correctly concludes that this claim is procedurally barred.  Edmonds does not object to this part of the Report.  Finding no clear error with the Report's reasoning, the claim is denied.

CONCLUSION

The February 23, 2009 recommendation of Magistrate Judge Peck is adopted and the petition for a writ of habeas corpus is denied.  In addition, the Court declines to issue a certificate of appealability.  Edmonds has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted.  Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).  The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk of Court shall dismiss this petition and close the case.

SO ORDERED:

Dated:   New York, New York
         May 14, 2009

_____
DENISE COTE
United States District Judge